UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald Paris Riles,                                                   Crim. No. 13-92 (PAM/LIB)

Petitioner,

v.                                                            **MEMORANDUM AND ORDER**

United States of America,

Respondent.

---

This matter is before the Court on Petitioner Ronald Paris Riles's Motion to Vacate

under 28 U.S.C. § 2255.  For the reasons that follow, the Motion is denied.

**BACKGROUND**

In October 2013, a jury convicted Petitioner Ronald Paris Riles of being a felon in

possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  After this Court

sentenced Riles to 120 months' imprisonment, he appealed his conviction and sentence,

arguing that the evidence was insufficient to convict him of knowing possession of the guns

involved.   The Eighth Circuit Court of Appeals affirmed, finding that the evidence

established at least Riles's constructive possession of the firearms, if not his actual

possession.  United States v. Riles, 593 F. App'x 600, 601 (2015).

Riles now seeks to vacate his conviction and sentence under 28 U.S.C. § 2255.  In his

Petition, he raises four grounds:  (1) that his trial counsel was ineffective in failing to present

exculpatory evidence in the form of an affidavit from Kenneth Johnson, (2) that trial counsel

was ineffective for not eliciting the testimony of Riles's girlfriend, Erin Coons, (3) that his

appellate counsel was ineffective in failing to keep him informed or consult with him

regarding his appeal, and (4) that the Court erred in applying a four-level enhancement under U.S.S.G. § 2K2.1 for possession of firearms in connection with a drug offense.

In his reply brief, Riles appears to have abandoned his claims of ineffective assistance of counsel, only arguing that recent Supreme Court decisions render the application of the § 2K2.1 enhancement unconstitutional. The Court will, however, address all of the grounds raised.

## DISCUSSION

### A.    Ineffective Assistance of Counsel

To prove ineffective assistance of counsel, Riles must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

Riles's claims regarding his appellate counsel are contradicted by counsel's affidavit in this matter. But even if his counsel did not furnish him with a copy of the brief or consult with him, he cannot prevail on his claim unless he shows that these failures were prejudicial to him, so that his appeal would have succeeded without the alleged failures. Riles has not

argued prejudice, and on the record before the Court he cannot argue prejudice. Riles's appellate counsel presented likely the only argument on appeal that had a chance to succeed, given the short trial and Riles's admissions regarding the guns. The Eighth Circuit's determination that the argument was without merit does not mean that appellate counsel was ineffective. Riles's claim on this point is denied.

Nor can Riles succeed in establishing that his trial counsel was ineffective. He points to two alleged actions in support of his contention that trial counsel rendered ineffective assistance: her failure to introduce an affidavit at trial, and her failure to call his girlfriend to the stand. The claim regarding the affidavit is without merit because an affidavit is not evidence, and cannot be introduced at trial. And in any event, counsel's decisions regarding trial strategy were more than reasonable in light of the hurdles she faced. In the Court's opinion, Riles's counsel very ably and effectively represented him. His claims regarding her performance fail.

## B.    Sentencing Enhancement

The presentence investigation report recommended that the Court increase Riles's sentence pursuant to § 2K2.1(b)(6) of the sentencing guidelines. This section provides for a four-level base-offense-level enhancement for a defendant who "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The evidence at trial established that Riles sold undercover law enforcement officers cocaine base almost immediately before the officers searched his apartment and found the guns. Moreover, the search of Riles's apartment also revealed

heroin, a large amount of cash, and box of plastic baggies.  Thus, although Riles argued at

sentencing that the four-level enhancement should not apply, the Court determined that the

enhancement was appropriate.

Riles now argues that the Supreme Court's decision in Johnson v. United States, 135

S. Ct. 2552 (2015), precludes the enhancement's application to him.  But Johnson is

irrelevant to Riles's case.  Johnson held that part of the definition of violent felony in the

Armed Career Criminal Act was unconstitutional.  Id. at 2655.  Riles was not convicted of

being nor sentenced as an armed career criminal.  And the sentencing guidelines provision

applicable to Riles, § 2K2.1, does not use the unconstitutional definition of violent felony to

determine predicate offenses.  Rather, § 2K2.1 requires that the firearm be used "in

connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  The predicate felony

need not be a violent felony, but can be, as it was here, a felony drug offense.  Johnson has

no effect on Riles's sentence.

The Court will not hold an evidentiary hearing on Riles's  claims because the record

conclusively establishes that he is not entitled to relief under § 2255.  28 U.S.C. § 2255(b).

Finally, in order to appeal an adverse decision on a § 2255 motion, a movant must first

obtain a certificate of appealability.  See 28 U.S.C. § 2253(c)(1)(B).  A court cannot grant

a certificate of appealability unless the applicant has made "a substantial showing of the

denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court has considered whether

the issuance of a certificate is appropriate, and finds that no issue raised is "debatable among

reasonable jurists."  Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing Lozada v.

<u>Deeds</u>, 498 U.S. 430, 432 (1991) (per curiam)).  The Court declines to issue a certificate of appealability.

**CONCLUSION**

Riles has failed to establish that his trial or appellate counsel were ineffective or that the Court erred in applying the § 2K2.1 enhancement to him.  Accordingly, **IT IS HEREBY ORDERED** that:

1.      Riles's Motion to Vacate (Docket No. 99) is **DENIED**; and

2.      Riles's Motion for Release of Document (Docket No. 100) is **DENIED as moot**.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   June 29, 2016

    *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge