UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,  Crim. No. 13-92 (PAM/LIB)

        Plaintiff,

v.  **ORDER**

Ronald Paris Riles,

        Defendant.

_____

This matter is before the Court on Defendant Ronald Paris Riles's Motion for Compassionate Release under the First Step Act. Riles asks to be released five months early from his ten-year sentence so that he can care for ill family members. For the following reasons, the Court grants the Motion.

**BACKGROUND**

In October 2013, a jury found Defendant Ronald Paris Riles guilty to being a felon in possession of a firearm. The Court ultimately sentenced him to the minimum term of 120 months' imprisonment. To date, Riles has served all but five months of his sentence. He is currently incarcerated at the Federal Correctional Institution in Milan, Michigan ("FCI Milan"), but he is scheduled for release to a halfway house in a matter of days, on June 22, 2021. His sentence expires fully on November 17, 2021.

There is no dispute that Riles has sufficiently exhausted available administrative remedies. See 18 U.S.C. § 3582(c)(1)(A) (allowing defendant to bring a motion after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility"). His Motion is therefore ripe for consideration.

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." Id. § 3582(c)(1)(A)(i). The Sentencing Guidelines define such reasons to include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(a)(ii). However, many courts have determined that this application note does not restrict consideration of other factors when the individual, and not the Bureau of Prisons, brings the compassionate-release motion. See United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020); United States v. McCoy, 981 F.3d 271, 276-77 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1181 (7th Cir. 2020). The Eighth Circuit has yet to confront the issue.

Riles asks for release because his 91-year-old grandmother suffers from dementia and her only caregiver, Riles's stepfather, is battling cancer. He also asks the Court to take into consideration the harsh confinement conditions he faced during his incarceration at an institution that was particularly hard-hit by the pandemic, FCI Fort Dix in New Jersey. Riles was housed at FCI Fort Dix until December 2020.

Aside from arguing that the Court is limited to consideration of the application note's definition of "extraordinary and compelling" reasons, the Government's only other opposition to Riles's Motion is that he continues to present a threat to public safety. The Court acknowledges that Riles has a long criminal history. But he is scheduled for release

to a halfway house in two weeks. The BOP has clearly concluded that he no longer poses a threat.

The Court also considers whether the general sentencing factors in § 3553(a) warrant a reduction in sentence. The Court does not intend to minimize the seriousness of Riles's offense or of his extensive criminal history. The Court likewise has considered Riles's prison disciplinary record, but five incidents in ten years is, contrary to the Government's argument, not a serious disciplinary history that would preclude Riles's release. The Court believes that he no longer poses a danger to the community.

The sentence the Court imposed was a long one and Riles has served nearly all of it. He has persuasively argued that his family should not be punished further for his misdeeds and given the extremely short time remaining on his sentence, the Court agrees. The § 3553(a) factors warrant a reduction in Riles's sentence to time served.

The First Step Act contemplates the Court imposing "a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Id. § 3582(c)(1)(A). Probation and Pretrial Services have approved Riles's proposed release plan, which requires him to reside at his grandmother's residence in Chicago, Illinois. The Court approves Riles's release plan, subject to the terms and conditions of the original term of supervision, with the additional condition that Riles participate in psychological treatment.

Although Riles has a copy of his social-security card, he does not possess any photo identification or a copy of his birth certificate. He should work with his BOP case manager to attempt to secure those documents before his release.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. Riles's Motion for Compassionate Release (Docket No. 111) is **GRANTED**;

2. Riles's sentence of 120 months' imprisonment is **REDUCED** to time served under 18 U.S.C. § 3582(c)(1)(A);

3. Riles shall be placed on supervised release and the Court re-imposes the terms and conditions of supervised release as set forth in the Judgment (Docket No. 75), subject to the additional condition that Riles shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer, and shall contribute to the costs of such treatment as determined by the Probation Office Co-Payment Program not to exceed the total cost of treatment, and any additional conditions the U.S. Probation Office may recommend; and

4. The execution of this Order may be stayed for up to ten days to allow the Bureau of Prisons and the U.S. Probation Office to make the necessary arrangements for Riles's release.

Dated: June 8, 2021

                                          *s/Paul A. Magnuson*
                                        Paul A. Magnuson
                                        United States District Court Judge